IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RUSSELL BOLER                                                    PETITIONER

v.                                              CIVIL NO. 1:23-cv-119-HSO-LGI

KELLY CHRISTOPHER                                                RESPONDENT

ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte.   After consideration of the

record and relevant legal authority, the Court finds that this civil action should

be dismissed without prejudice.

I.   BACKGROUND

This habeas corpus case originated when pro se Petitioner Russell Boler

("Petitioner" or "Boler") was incarcerated at the Central Mississippi Correctional

Facility in Pearl, Mississippi, and he filed a Complaint under 42 U.S.C. § 1983.

*See Boler v. MDOC*, no. 3:23-cv-299-DPJ-FKB (S.D. Miss. Dec. 6, 2023)

(dismissed for failure to prosecute).   Petitioner sought both monetary damages

and release from prison, *see* Order Severing Habeas Claims [1], and this case

was opened in order for him to pursue his request for release from incarceration

as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.

In order to evaluate Petitioner's habeas claims, the Magistrate Judge

entered an Order [11] directing Petitioner, on or before September 27, 2023, to

complete, sign, and file a form "Petition Under 28 U.S.C. § 2254 for a Writ of

Habeas Corpus by a Person in State Custody."   Order [11] at 1.   The Order

warned Petitioner that failure to timely comply with any Order of this Court would result in the dismissal of this case.   *Id.*   On September 15, 2023, Petitioner filed a letter motion informing the Court of his parole date, providing his non-incarcerated address, and requesting an extension of time to comply with the Court's prior Order.   Mot. [13] at 1.

The Magistrate Judge granted Petitioner's Motion for an Extension of Time [13] and directed Petitioner to comply with the Court's prior Order [11] on or before October 27, 2023.   Order [14] at 1.   That Order [14] also warned Petitioner that his failure to timely comply would result in the dismissal of this case.   *Id.*   Petitioner did not respond to this Order [14], nor did he otherwise contact the Court about his case.

On November 3, 2023, the Magistrate Judge entered an Order to Show Cause [15] which directed that, on or before November 17, 2023, Petitioner: (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with a Court Order; and (2) comply with the Court's previous Orders by "completing, signing, and filing a form 'Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody,' or if Petitioner no longer wishes to pursue this case, he may file a Notice of Voluntary Dismissal."   Order [15] at 1-2.   The Order [15] warned Petitioner that failure to timely comply with the Order would result in the dismissal of this action.   *Id.* at 2.   Petitioner did not respond to the Order to Show Cause [15], nor did he otherwise contact the Court about his case.

2

Since Petitioner is proceeding pro se and out of an abundance of caution, the Court provided Petitioner with one final opportunity to comply with the Court's Orders [11],[14],[15].   On November 29, 2023, the Magistrate Judge entered a Final Order to Show Cause [16] which directed that, on or before December 11, 2023, Petitioner: (1) file either a Notice of Voluntary Dismissal or a written response showing cause why this case should not be dismissed for his failure to comply with the Court's previous Orders; and (2) comply with the Court's previous Orders.   Order [16] at 1-2.   The Final Order to Show Cause [16] also warned Petitioner that failure to timely comply with the Order would result in the dismissal of this case "without further notice." *Id.* at 2.   Petitioner did not respond to the Final Order to Show Cause [16].   Petitioner has not contacted the Court or taken any action in his case since September 15, 2023.

## II.   DISCUSSION

The Court has the authority to dismiss an action for a petitioner's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.   *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders.").   The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions.   *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997).   The Court must be able to clear its calendar of cases that remain "dormant because

3

of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Petitioner did not comply with four Court Orders after being warned that failing to do so would result in the dismissal of his lawsuit. *See* Final Order to Show Cause [16] at 2; Order to Show Cause [15] at 2; Order [14] at 1; Order [11] at 1. Despite these warnings, Petitioner has not contacted the Court or taken any action in the case since September 15, 2023. Such inaction represents a clear record of delay, and it is apparent that Petitioner no longer wishes to pursue this case. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

III.   <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil

action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's

Orders and to prosecute.

**SO ORDERED AND ADJUDGED**, this the 2nd day of January, 2024.

<u>*s/ Halil Suleyman Ozerden*</u>
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE